UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80244-ROSENBERG

JOHN NEVADO, et al.,

    Plaintiffs,

v.

OFFICE DEPOT, LLC, a Florida
corporation,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** is before the Court on the Defendant's Motion to Dismiss at docket entry 63. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted in part and denied in part.

This case concerns an alleged agreement between the Plaintiffs and the Defendant. That agreement pertains to the Defendant's need to purchase a large quantity of COVID-19 facemasks in April of 2020. DE 11 at 3. The Plaintiffs allege that they were responsible for locating a company that could meet the Defendant's high-volume need for facemasks. *Id.* The Plaintiffs further allege that the Defendant agreed to pay the Plaintiffs a commission. *Id.* at 4. Although the parties negotiated for a written agreement that could have entitled the Plaintiffs to a commission, the parties never finalized nor executed a written agreement. *Id.* Instead, the Plaintiffs allege that once they introduced the Defendant to a company that could sell facemasks in sufficient quantities, the Defendant ceased to negotiate on the drafting of a written agreement and refused to pay the Plaintiffs the agreed-upon commission. *Id.* at 4-6.

The Plaintiff's Complaint[1] brings four counts: breach of contract (Count I), services rendered (Count II), intentional misrepresentation (Count III), and unjust enrichment (Count IV). The Defendant's Motion does not challenge the unjust enrichment claim, Count IV. The other three counts are addressed in turn.

Services Rendered, Count II.

The Court begins with Count II, the Plaintiffs' claim for "services rendered." The Defendant argues that neither Florida (where the Defendant is located) nor California (where one of the Plaintiffs is located) recognizes "services rendered" as a cause of action. In response, the Plaintiffs argue that Florida and California do recognize "services rendered" as a cause of action because "quantum meruit and services rendered are synonymous" and, because quantum meruit is clearly recognized under both state's laws, "services rendered" must also be recognized under both state's laws. DE 65 at 14. In reply, the Defendant argues that quantum meruit and "services rendered" are *not* synonymous.

The Court resolves this dispute as follows. Since the Plaintiffs contend that quantum meruit and "services rendered" are synonymous, it should result in no prejudice to the Plaintiffs for the Court to require the Plaintiffs to amend Count II to allege a claim for quantum meruit. The Court therefore grants Defendant's Motion to Dismiss without prejudice as to Count II insofar as the Court requires the Plaintiffs to replead Count II as a claim for quantum meruit, consistent with the representations in their response.

Breach of Contract, Count I. The Defendant argues that the Plaintiffs' breach of contract claim is premised upon the negotiated (but unexecuted) written agreement for a commission entitled the "Consultant Services Agreement." Because the Plaintiffs were not even listed signatories to the Consultant Services Agreement, the Defendant argues, the Plaintiffs have

---

[1] The operative complaint is the First Amended Complaint at docket entry 11.

failed to state a claim upon which relief may be granted. In response, the Plaintiffs represent that their breach of contract claim is not premised on the Consultant Services Agreement; instead, the Plaintiffs represent that their claim is premised on an oral, unwritten agreement. DE 65 at 8.

The Defendant's understanding of the Plaintiffs' claim has merit because Count I references (through the incorporation of all preceding factual allegations) the Consultant Services Agreement several times and, moreover, the word "oral" does not even appear in the Complaint.[2]

Because the Court has already ruled that it will require an amendment as to Count II, the Court concludes that the best result is for the Plaintiffs to replead Count I to more clearly explain that Count I is based upon an unwritten, oral agreement or an implied contract, and that it is not based upon the unexecuted Consultant Services Agreement. For this reason, the Defendant's Motion to Dismiss Count I is granted without prejudice with leave to file an amended count consistent with this Order.

<u>Intentional Misrepresentation, Count III</u>. The Defendant argues that Count III should be dismissed for two reasons. First, the Defendant argues that Count III is a fraud claim that must be pled with particularity, under Rule 9(b), and that Count III fails the Rule 9(b) particularity requirement. Second, the Defendant argues that Count III is barred under the independent tort doctrine.

The Court first addresses Rule 9(b). Rule 9(b) requires fraud claims to state "with particularity the circumstances constituting fraud or mistake." The Court has reviewed the Complaint and the Court is satisfied that the Plaintiffs have met the Rule 9(b) standard. The Complaint alleges with particularity the circumstances surrounding the parties' alleged agreement and the Defendant's alleged willful decision to fraudulently deprive the Plaintiffs of

---

[2] The Complaint does use the phrase "verbally agreed." DE 11 at 7.

the benefit of their bargain. The Court denies the Defendant's request to dismiss Count III under Rule 9(b).

The Court next addresses the independent tort doctrine. That doctrine prohibits tort claims that are not independent of breach of contract claims—the tort claim must be separate and distinct from a breach of contract claim. *E.g., Kelly v. Lee Cnty. RV Sales Co.*, 819 F. App'x 713, 718 (11th Cir. 2020). The Defendant argues that both California and Florida law prohibit intentional misrepresentation claims (pertaining to contract negotiation) under the independent tort doctrine. The Plaintiffs argue that the Defendant is wrong.

The Court resolves this dispute as follows. As the Plaintiffs observe in their response (and as the Defendant tacitly acknowledges in its reply), the Plaintiffs could bring Count III in the alternative to their breach of contract claim. If the Plaintiffs did so, the independent tort doctrine would appear to no longer bar the Plaintiffs' Count III. *See Garcia v. Croft*, No. 6:21-CV-1343, 2022 WL 3597085, at *2 (M.D. Fla. May 17, 2022) ("Plaintiff's fraud claim is not barred merely because there may be overlap between the damages sought by Plaintiff in his fraud claim and those sought in this breach of contact claim. Even if the damages . . . were identical, the fraud claim would not be precluded . . . nothing prevents [Plaintiff] . . . from alleging alternative theories of recovery."). Because the Court requires the Plaintiffs to amend Count I and Count II, the Court will permit the Plaintiffs the opportunity to bring Count III in the alternative, should the Plaintiffs elect to do so. If the Plaintiffs amend Count III to be pled in the alternative, the parties should clearly brief in any further motion practice whether the independent tort doctrine could still bar Count III.

If instead the Plaintiffs elect not to plead Count III in the alternative then, should the Defendant renew its objection to Count III, the Defendant must clearly take a position on

whether California law or Florida law applies to Count III.[3]  The same requirement applies to the Plaintiffs—in all future briefing on this topic the parties will brief choice of law so the Court may better analyze and determine whether the independent tort doctrine applies.

For all of the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** insofar as the Plaintiffs shall file an amended complaint as more fully set forth in this Order.  The Plaintiffs' amended complaint shall be filed on or before April 13, 2023.  The Defendant shall file a responsive pleading or motion on or before April 20, 2023.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of April, 2023.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[3] The parties' simultaneous briefing of both California law and Florida law in the Motion, response, and reply, together with a lack of briefing on choice of law, hampers the ability of the Court to study the appropriate state law to determine whether the independent tort doctrine applies.  If the parties confer and agree on the applicable state law, the parties should clearly inform the Court of the same.