UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80244-ROSENBERG

JOHN NEVADO, et al.,

    Plaintiffs,

v.

OFFICE DEPOT, LLC, a Florida corporation,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Defendant's second Motion to Dismiss at docket entry 73. The Court granted the Defendant's first motion to dismiss. In the Court's prior order of dismissal, the Court required the Plaintiffs to amend their Complaint to more clearly reflect that the Plaintiffs' first count for breach of contract was for an oral, not written, contract. The Court also granted the Plaintiffs the opportunity to plead their third count, a fraud-based claim, in the alternative to their breach of contract claim.

After the Court's order of dismissal, the Plaintiffs amended their complaint. The Defendant then filed the second Motion to Dismiss that is before the Court. The Defendant argues that the Plaintiffs' breach of contract claim still does not adequately clarify that it is premised upon an oral contract, not a written contract. The Court has reviewed the Amended Complaint, and the Court disagrees. The Court believes that the Plaintiffs' breach of contract claim is clearly based upon the contention that the Defendant breached an oral contract. The Defendant's second request for the Court to dismiss Count I is denied.

The Defendant also requests that the Court dismiss Count III, the Plaintiffs' fraud-based claim. As before, the Defendant argues that Count III is barred by the Florida independent tort

doctrine because "[i]t has long been the law in Florida that, to assert a valid tort claim, a plaintiff must demonstrate that the tort claim alleged is independent from any breach of contract claim." DE 73 at 12. But because the Plaintiffs elected to replead their fraud claim in the alternative to their breach of contract claim, the Court believes that the Plaintiffs' fraud claim *is* "independent from any breach of contract claim." Stated simply, for a jury to reach Count III they would first conclude that there was no valid contract.[1] And without a valid contract, the Court fails to see how the Florida independent tort doctrine applies. The Defendant's second request for the Court to dismiss Count III is denied.[2]

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Defendant's second Motion to Dismiss is **DENIED**. The Defendant shall file an answer within ten days of the date of rendition of this Order.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 21st day of April, 2023.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[1] The Court leaves for another day the question of how a jury should be instructed to reach Count III.
[2] The Defendant's remaining arguments are denied without comment.