UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  23-cv-80244-Leibowitz/Reinhart

JOHN NEVADO, ET AL.,

           Plaintiffs,

v.

OFFICE DEPOT, LLC,

           Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SANCTIONS [ECF No. 151]

Plaintiffs move for sanctions because Office Depot improperly asserted attorney-client privilege objections to Plaintiffs' discovery requests. Specifically, they ask for (1) $64,500 in attorneys' fees, (2) $80,000 in additional sanctions, calculated as $2,000 per withheld document, (3) a finding that Office Depot has waived the attorney client privilege, and (4) an adverse jury instruction. Plaintiffs cite Rule 37 and the Court's inherent power as the legal basis for sanctions. ECF No. 151 at 4-5. Office Depot responds that its objections were in good faith and substantially justified, and that Plaintiffs have not been prejudiced, so no sanctions should be awarded. ECF No. 152.

The applicable Federal Rule of Civil Procedure is Rule 37(a)(1).[1] It says in relevant part, "On notice to other parties and all affected persons, a party may move

---

[1] Rule 37(a)(3)(B)(iv) does not apply because Office Depot did not fail to produce documents. It unsuccessfully asserted a privilege objection. Rule 37(b) does not apply

for an order compelling disclosure or discovery." If the motion to compel is granted, the remedy is found in Rule 37(a)(5)(A):

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P 37(a)(5)(A). "Substantial justification is 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" *Berkley Ins. Co. v. Suffolk Constr. Co., Inc.,* No. 19-23059-CIV, 2023 WL 7010001, at *3 (S.D. Fla. Oct. 23, 2023) (citation omitted). The objecting party bears the burden of establishing that its conduct was substantially justified. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

The Court can impose sanctions under its inherent powers. Federal courts possess an inherent power to "police those appearing before them," and to punish bad faith conduct that affects proceedings pending before the Court. *Purchasing Power,*

---

because there was no prior Court order compelling Office Depot to produce these documents.

*LLC v. Bluestem Brands, Inc.,* 851 F.3d 1218, 1223 (11th Cir. 2017). The party moving for sanctions bears the burden of showing subjective bad faith. *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020). "This standard can be met either (1) with direct evidence of the attorney's subjective bad faith or (2) with evidence of conduct 'so egregious that it could only be committed in bad faith.' Evidence of recklessness alone won't suffice." *Id.* (quoting and citing *Purchasing Power,* 851 F.3d at 1224–25).

I find that Office Depot has not shown that its privilege objections were substantially justified. After conducting an *in camera* review of the allegedly-privileged documents, I found "most of the withheld communications . . . do not involve legal advice at all; other communications indicate that legal advice will be or has been sought, but do not disclose the substance of those discussions; other communications indicate an intention that they be shared with third parties, thus, negating the requirement of confidentiality." ECF No. 90 at 2.

On reconsideration, and after reviewing sworn declarations from Office Depot, I again rejected the privilege assertions for all but one document. I found that the communications related to (1) "internal business discussions regarding commission rates, pricing, and incentives related to the proposed transaction with Plaintiffs," (2) "internal discussions regarding the negotiation of costs and commissions in the deal with Plaintiffs, as well as the potential business risks of the proposed transaction," (3) "business strategy/decisionmaking." ECF No. 125. Judge Rosenberg substantively agreed with these rulings. ECF No. 132.

Asserting a privilege over these documents was not substantially justified.

Quite simply, it was not a close call. A reasonable person would not believe that parties could differ as to whether these communications were privileged. That being said, Plaintiffs have not shown that the privilege claims were in subjective bad faith.

Any sanctions are limited to reasonable fees and costs that Plaintiffs incurred in compelling production of the allegedly-privileged documents as well as the fees and costs related to this Motion for Sanctions. Plaintiffs request fees that exceed what is recoverable under Rule 37(a)(5). ECF No. 151-15. Therefore, the parties should meet and confer to see if they can reach agreement on the recoverable amount. They should use the procedures in Local Rule 7.3 as a guide for their conferrals. Any sanctions should be imposed on Office Depot, not on its counsel.

WHEREFORE, it is ORDERED that Plaintiffs' Motion for Sanctions (ECF No. 151) is GRANTED IN PART AND DENIED IN PART.

**DONE AND ORDERED** in Chambers this 9th day of April, 2024, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE